IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

PAMELA CURTIS-MASSEY,      *

 Plaintiff,           *

  v.             *    Civil Action No. RDB-11-01522

MERCY MEDICAL CENTER,      *

 Defendant.          *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**MEMORANDUM OPINION**

  Plaintiff Pamela Curtis-Massey ("Plaintiff" or "Curtis-Massey"), proceeding *pro se*, has brought this action against Defendant Mercy Medical Center for violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* and the Americans with Disability Act of 1990, 42 U.S.C. §§ 12101 *et seq.* Plaintiff's Complaint alleges that, during her employment as a Medical Assistant in the Diabetes Center of the Mercy Medical Center, she was the victim of race and disability discrimination as well as a hostile work environment. Pending before this Court is Defendant Mercy Medical Center's Motion to Dismiss for Insufficient Service of Process pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure (ECF No. 6). The parties' submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2011). For the reasons that follow, Defendant Mercy Medical Center's Motion to Dismiss (ECF No. 6) is DENIED.

BACKGROUND

  In ruling on a motion to dismiss, the factual allegations in the plaintiff's complaint must be accepted as true and those facts must be construed in the light most favorable to the plaintiff.

1

*Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). Moreover, a *pro se* litigant's complaint should not be dismissed unless it appears beyond doubt that the litigant can prove no set of facts in support of her claim that would entitle her to relief. *Goron v. Leeke*, 574 F.2d 11447, 1151 (4th Cir. 1978).

Curtis-Massey is an African American woman with a speech impediment that was diagnosed when she attended middle school. Pl.'s Compl. ¶¶ 1-2 (ECF No. 1). Plaintiff filed this action on June 3, 2011 seeking monetary damages for harassment, racial and disability discrimination, emotional distress as well as physical pain and suffering. *Id.* at ¶ 33. Curtis-Massey's claims arise out of events that occurred during her employment as a Medical Assistant in the Diabetes Center at Mercy Medical Center. *Id.* at ¶¶ 9-32. The Complaint alleges that, beginning in May 2006, Plaintiff was employed as a temporary Medical Assistant on three separate occasions until being hired on November 19, 2007 in the Diabetes Center on a permanent part-time basis. *Id.* at ¶¶ 5-9. Plaintiff contends that after each of her temporary assignments, she received positive feedback and recommendation letters commending her on her work ethic. *Id.* Plaintiff alleges that the discriminatory treatment began once Ms. Linda Yerardi was hired as the new manager. *Id.* at ¶¶ 10-11.

In the Complaint, Plaintiff alleges that Ms. Yerardi made numerous discriminatory statements with respect to her race, repeatedly mocked her speech impediment and moved her working space to an unsavory location because of her race. *Id.* at ¶¶ 1616-24. Plaintiff further contends that this disparate treatment also affected the work she was assigned, her promotions and the disciplinary measures taken against her. *Id.* at ¶ 15. Additionally, Plaintiff states in her Complaint that, on several occasions, she brought Ms. Yerardi's behavior to the attention of her supervisor, Brian Cawley, and that of Kevin Kerwin Thompson in the Human Resources

Department. *Id.* at ¶¶ 26-27. However, Plaintiff alleges that these reports were met with intimidation, on the part of Mr. Cawley, and retaliation, at the hands of Ms. Yerardi. *Id.* Finally, Plaintiff contends that these events caused her to have to seek medical treatment for depression, sleep deprivation, high anxiety and panic attacks. *Id.* at ¶¶ 29-30. Ultimately, Plaintiff states that this unchecked behavior forced her to resign in order to preserve her sanity. *Id.* at ¶ 32.

On August 24, 2011, Defendant Mercy Medical Center moved to dismiss Plaintiff's Complaint for insufficient service of process. Plaintiff then filed her Response in Opposition, on September 16, 2011, to which Defendant replied on September 30, 2011.

## ANALYSIS

Defendant argues that Plaintiff did not effect proper service under Rule 4 of the Federal Rules of Civil Procedure because she failed to serve process (a) by restricted delivery and (b) on the resident agent or an officer. Def.'s Mem in Supp. of Mot. to Dismiss for Insufficient Service of Process at 5 (ECF No. 6-1). Specifically, Defendant states that the certified mail envelope was sent to the "Office of Risk Management, Mercy Medical Hospital" and that the person who signed the return mail receipt, Mark Scudder, was not employed by Defendant and neither was he its resident agent or officer. *Id.* at 2. Defendant also argues that due to the lack of proper service of process it did not become aware of this action until August 22, 2011. *Id.*

Under Rule 4(e) a plaintiff may serve process to an individual by delivering a copy of the summons and complaint to the person as well as "pursuant to the law of the state in which the district court is located, or in which service is effected." In Maryland, a plaintiff may serve process on an individual by certified mail with restricted delivery and return receipt stating to whom process is delivered and the date and address of delivery. Maryland Rule 2-121(a). Under

Rule 4(h), a plaintiff may serve a corporation in the same way it serves an individual, or by "delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or by any other agent authorized by appointment or law . . ." Fed. R. Civ. Pro. 4(h)(1)(B).

A motion to dismiss for insufficient service of process is permitted by Rule 12(b)(5) of the Federal Rules of Civil Procedure. Once service has been contested, the plaintiff bears the burden of establishing the validity of service pursuant to Rule 4. *See Norlock v. City of Garland*, 768 F.2d 654, 656 (5th Cir. 1985). In *Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc.*, 733 F.2d 1087, 1089 (4th Cir. 1984), the United States Court of Appeals for the Fourth Circuit held that the "requirements for the means of effecting service of process may not be ignored." However, the Fourth Circuit concluded that "[w]hen the process gives the defendant actual notice of the pendency of the action, the rules, in general, are entitled to a liberal construction." *Id.* Therefore, actual notice in some instances cures technical violations of Rule 4. *Id. See also Atkins v. Winchester Homes*, 2007 U.S. Dist. LEXIS 5791, at *16 (D. Md. Jan 17, 2007) ("Here, because defendant had actual notice of the pendency of the action, the rules are entitled to a liberal construction."); *Maryland Nat'l Bank v. M/V Tanicorp I*, 796 F. Supp. 188, 190 (D. Md. 1992) (finding service of process valid where defendant maintained that service was improper but never denied receiving actual notice.)

In the present action, Plaintiff served process on Defendant through certified mail addressed to the Office of Risk Management, Mercy Medical Hospital. Pl.'s Resp. to Def.'s Mot. to Dismiss (ECF No. 8). The package was received and signed for by Mark Scudder on June 27, 2011. *Id.* As Defendant argues, Mr. Scudder is neither the resident agent of Mercy Medical Center nor is he its employee. While Plaintiff failed to comply with the strict requirements for service of process imposed by Rule 4, Defendant does have actual notice of this

4

action as it was able to file the pending motion. In construing the facts in the light most favorable to the Plaintiff, *Edwards*, 178 F.3d at 244, Plaintiff's efforts to serve process without the assistance of counsel were sufficient to confer onto Defendant actual notice of this action. Therefore, Defendant's Motion to Dismiss for Insufficient Process pursuant to Rule 12(b)(5) is DENIED.

## CONCLUSION

For the reasons stated above, Defendant Mercy Medical Center's Motion to Dismiss (ECF No. 6) is DENIED.

A separate Order follows.

Dated: October 7, 2011  /s/_____
Richard D. Bennett
United States District Judge